IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| Horace Dwayne Allen, | ) | |
|---|---|---|
| | ) | C/A No. 2:18-1461-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Hunt Gwyn, individually and in his official capacity as Chief Resident Justice of the District Court of Union County, North Carolina; and William F. Helms, individually and in his official capacity as Justice of the District Court of Union County, North Carolina, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 29, 2018, Plaintiff Horace Dwayne Allen, proceeding pro se, filed a complaint alleging Defendants Hunt Gwyn and William F. Helms violated his constitutional rights in various respects. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion for leave to proceed in forma pauperis (IFP) on May 29, 2018. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker.

The Magistrate Judge reviewed Plaintiff's complaint and IFP motion and issued a Report and Recommendation on June 5, 2018, in which she determined that Plaintiff previously has been denied IFP status in two cases before this court because he is gainfully employed and able to pay the filing fee. The Magistrate Judge further determined that the complaint (1) is devoid of any actual claims, (2) attempts to sue judges for their judicial rulings and actions; and (3) was brought for an improper

purpose, that being to obtain information for a pending state appeal. The Magistrate Judge noted that Plaintiff raises many of the same issues as in his two prior actions, Allen v. Allen, C/A No. 2:17-3476-MBS-MGB; and Allen v. Helms, C/A No. 2:18-0248-MBS-MGB. The Magistrate Judge found that Plaintiff's allegations are frivolous and do not set forth any actionable claims as a matter of law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (observing that a frivolous complaint lacks an arguable basis either in law or fact); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid."). Accordingly, the Magistrate Judge recommended that Plaintiff's IFP motion be denied and the complaint be summarily dismissed with prejudice, and without issuance and service of process. Plaintiff filed objections to the denial of the IFP and to the Report and Recommendation on July 30, 2018.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

A.  IFP Status

Plaintiff contends that he is experiencing extreme financial hardship, as evidenced by his having been relieved of some obligations to pay fees in state court and having received a forbearance on his student loans. Plaintiff contends he has a negative cash flow and no access to the assets that are the subject of litigation between him and his estranged spouse. Plaintiff asserts that his monthly

take-home pay of $2,165.48 is not sufficient to cover his basic living expenses, which amount to $2,598.00 per month.

Title 28, United States Code, Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Flint v. Haynes, 651 F.2d 970, 972 (4th Cir. 1981). An affidavit is sufficient that states one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life. Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). A plaintiff need not prove that he is absolutely destitute to enjoy the benefit of the statute. Id.

In this case, Plaintiff is employed and receives an annual income of approximately $41,298.00. ECF No. 22, 4. Plaintiff expends sums monthly on discretionary items such as cable/satellite/internet ($146.00), cell phone/phone ($100.00), and clothing ($50.00). Plaintiff informs the court he was granted a forbearance on his $393.65 monthly student loan payment, which would seem to increase his net monthly income commencing in August. See ECF No. 22, 9. The court agrees with the Magistrate Judge that Plaintiff has not shown he would be unable to provide for himself or his dependants should be required to prepay the filing fee. Plaintiff's objection is without merit.

B.  Report and Recommendation

Rather than objecting to the Magistrate Judge's findings, Plaintiff reiterates allegations of his complaint and includes verbatim the allegations of his complaint in Allen v. Helms, C/A No. 2:18-0248-MBS-MGB. See ECF No. 1, 6-20. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific

error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Plaintiff fails to direct the court to a specific error in the Magistrate Judge's Report and Recommendation. His objection is without merit.

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff motion for IFP (ECF No. 3) is **denied**. Plaintiff is directed to pay the requisite filing fee within thirty days of the date of entry of this order. The complaint is summarily dismissed with prejudice, and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret Seymour
Senior United States District Judge

Columbia, South Carolina

August 13, 2018